UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LAW, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:15CV00203 ERW |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and/or § 2255. The Court lacks jurisdiction to grant the writ under § 2241, and movant's writ is time-barred under § 2255. As such, the application for writ of habeas corpus will be denied and dismissed.

### Background

On March 17, 2011, movant pleaded guilty to being a felon in possession of a firearm. On June 22, 2011, movant was sentenced to fifty-five (55) months of imprisonment with the United States Bureau of Prisons. In the Judgment, the Court noted:

> This term shall be served concurrently to the sentences the defendant is currently serving in the Missouri Department of Corrections under Docket Nos. 08JE-CR02608-01 (Jefferson County, Missouri); 07JECR02762-01 (Jefferson County, Missouri); 07A1-CR00301-01 (Montgomery County, Missouri); and 08JE-CR00391-01 (Jefferson County, Missouri), pursuant to Section 5G1.3(c).

Movant did not file an appeal of his conviction and sentence. *See U.S. v. Law*, Case No. 4:10CR615 ERW (E.D.Mo.).

## Discussion

In his current petition before the Court, movant asserts that the Bureau of Prisons has failed to credit him with the time he spent, pre-sentence, in local state custody between January 24, 2011 and June 14, 2011, prior to being remanded to the custody of the Bureau of Prisons. He asserts that the sentencing Court has the power to credit him with this time in order to shorten his sentence. Petitioner argues under both § 2241 and § 2255, and the Court will address each in turn.

**Motion Under 28 U.S.C. § 2241 for a "Sentencing Adjustment"**

A claim challenging the manner, location, or conditions of a sentence's execution must be brought under § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). A challenge to the manner in which a sentence is executed must be brought in a habeas petition pursuant to 28 U.S.C. § 2241. *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (concerning whether the parole commission had improperly failed to credit the prisoner's federal sentence with time served in state custody).

However, a district court's jurisdiction over writs filed pursuant to 28 U.S.C. § 2241 is geographically limited to the judicial district in which petitioner's custodian is located. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently confined in the Forrest City Medium Federal Correctional Institution in Forrest City, Arkansas. Petitioner's custodian, therefore, is located within the Eastern District of Arkansas. 28 U.S.C. § 127(b). Consequently, this Court lacks jurisdiction to grant the writ. Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that the Court dismiss any action over which it lacks jurisdiction. Thus, if movant wishes to pursue his assertions relating to a "sentencing adjustment" pursuant to § 2241 in a federal district court, he must do so in the Eastern District of

Arkansas. Nonetheless, as the Court notes below, the matter is truly up to the Bureau of Prisons thus it is unlikely that he would receive the relief he seeks in the Eastern District of Arkansas.

**Motion Under 28 U.S.C. § 2255 for a "Downward Departure"**

Alternatively, movant appears to have brought his motion under § 2255, as he appears to be seeking a "downward departure," from the sentencing court with relation to his sentence. Such relief may only be had under § 2255. However, to the extent movant has done so, his motion is time-barred. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States,* 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on June 22, 2011. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on about July 5, 2012.

Even if the case was not time-barred, the Court could still not assist movant in this matter. Unfortunately, despite movant's assertions, 18 U.S.C. § 3585 does not authorize a district court to compute pre-sentence credit at the time of sentencing or after. Rather, the Attorney General, acting through the Bureau of Prisons, has the duty to compute the credit allowed by § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 337 (1992). In addition to awarding credit for time spent in official detention before the date of commencement of sentence, the statute expressly defines the point at which a sentence to a prison term commences, namely, the date on which the defendant either is received in custody awaiting transportation to the detention facility where the sentence will be served, or arrives voluntarily at the institution to serve the sentence.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED for lack of jurisdiction.** *See* Fed.R.Civ.P. 12(h)(3).

**IT IS FURTHER ORDERED** that alternatively, petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED as time-barred.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

So Ordered this 5th day of February, 2015.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE